DUANE MORRIS LLP
Gregory P. Gulia
Vanessa C. Hew
Mitchell A. Frank
1540 Broadway
New York, New York 10036-4086
Telephone: (212) 692-1000
Facsimile: (212) 692-1020

Attorneys for Plaintiff/Counterclaim Defendant
Conopco, Inc. d/b/a Unilever

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONOPCO, INC. D/B/A UNILEVER,<br><br>        Plaintiff,<br><br>v.<br><br>WELLS ENTERPRISES, INC.,<br><br>        Defendant. | Case No.: 1:14-cv-02223-NRB-RLE<br><br>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF-COUNTERCLAIM DEFENDANT'S MOTION TO DISMISS** |
| WELLS ENTERPRISES, INC.,<br><br>        Counterclaim Plaintiff,<br><br>v.<br><br>CONOPCO, INC. D/B/A UNILEVER,<br><br>        Counterclaim Defendant. | |

**TABLE OF CONTENTS**

|   |   | Page |
|---|---|---|
| PRELIMINARY STATEMENT | | 1 |
| I. | LEGAL STANDARD FOR MOTION TO DISMISS | 3 |
| II. | WELLS' FALSE ADVERTISING CLAIMS SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM | 4 |
| | A. Wells' False Advertising Claim Fails Because Wells Has Not Alleged Facts Demonstrating that "The Original FIRECRACKER®" is a False or Misleading Statement | 5 |
| | B. Wells' False Advertising Claim Fails Because Wells Has Not Alleged Facts Demonstrating that the Term "The Original FIRECRACKER®" Is Material to Consumer Purchasing Decisions | 6 |
| | C. Wells Fails to Allege Facts Demonstrating an Injury | 8 |
| III. | WELLS' CLAIMS UNDER NEW YORK GENERAL BUSINESS LAW § § 349, 350 and 350-a SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM | 9 |
| IV. | WELLS' CLAIMS FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM | 11 |
| CONCLUSION | | 13 |

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (U.S. 2009) ............................................................................. 4, 7

*Bear U.S.A., Inc. v. JooAn, Co.*, No. 98 Civ. 7649, 2001 U.S. Dist. LEXIS 637 (S.D.N.Y. Jan. 25, 2001) ............................................................................................................................. 11

*Bell Atl. v. Twombly*, 550 U.S. 544 (2007) ............................................................................ 3-4, 7

*C=Holdings B.V. v. Asiarim Corp.*, No. 12 Civ. 928, 2013 U.S. Dist. LEXIS 183604 (S.D.N.Y. Dec. 17, 2013) ........................................................................................................ 10

*Coach, Inc. v. McMeins*, No. 11 Civ. 3574, 2012 U.S. Dist. LEXIS 47153 (S.D.N.Y. Mar. 9, 2012) .................................................................................................................................. 11

*Desiano v. Warner-Lambert Co.*, 326 F.3d 339 (2d Cir. 2003) ..................................................... 3

*digiGAN, Inc. v. iValidate, Inc.*, No. 02 Civ. 420, 2004 U.S. Dist. LEXIS 1324 (S.D.N.Y. 2004) .................................................................................................................................... 10

*Eprova v. BrookStone Pharms.*, 920 F. Supp. 2d 404 (S.D.N.Y. 2013) ..................................... 6-7

*ESPN, Inc. v. Quiksilver, Inc.*, 586 F. Supp. 2d 219 (S.D.N.Y. 2008) ......................................... 12

*Gottlieb Dev. LLC v. Paramount Pictures Corp.*, 590 F. Supp. 2d 625 (S.D.N.Y. 2008) ........... 4, 8

*Hertz Corp. v. Avis, Inc.*, 867 F. Supp. 208 (S.D.N.Y. 1994) ........................................................ 5

*Johnson & Johnson Merck Consumer Pharms. Co. v. Smithkline Beecham Corp.*, 960 F.2d 294 (2d Cir. 1992) ........................................................................................................... 6

*Kensington Publ'g Corp. v. Gutierrez*, No. 05 Civ. 10529, 2009 U.S. Dist. LEXIS 110088 (S.D.N.Y. Sept. 25, 2009) ........................................................................................ 12

*L. & J.G. Stickley, Inc. v. Cosser*, 255 Fed. Appx. 541 (2d Cir. 2007) ......................................... 5

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377 (U.S. 2014) .................. 8

*Merck & Co. v. Mediplan Health Consulting*, 425 F. Supp. 2d 402 (S.D.N.Y. 2006) .................. 7

*Merck Eprova AG v. Gnosis S.p.A.*, 901 F. Supp. 2d 436 (S.D.N.Y. 2012) ................................... 4

*Mylan Pharm., Inc. v. Proctor & Gamble Co.*, 443 F. Supp. 2d 453 (S.D.N.Y. 2006) .................. 7

*Naked Cowboy v. CBS*, 844 F. Supp. 2d 510 (S.D.N.Y. 2012) ...................................................... 4

*Nat'l Basketball Ass'n v. Motorola, Inc.*, 105 F.3d 841 (2d Cir. 1997) ......................................... 7

*Ortho Pharma. Corp. v. Cosprophar, Inc.*, 32 F.3d 690 (2d Cir. 1994)..........................................8

*Ortho Pharmaceutical Corp. v. Cosprophar, Inc.*, 828 F. Supp. 1114 (S.D.N.Y. 1993) ..............10

*Rexall Sundown, Inc. v. Perrigo Co.*, 651 F. Supp. 2d 9 (E.D.N.Y. 2009) ......................................8

*Sally Gee, Inc. v. Myra Hogan, Inc.*, 699 F.2d 621 (2d Cir. 1983)................................................13

*Savin Corp. v. Savin Group*, 391 F.3d 439 (2d Cir. 2004) ...........................................................11

*Time Warner Cable, Inc. v. DIRECTV, Inc.*, 497 F.3d 144 (2d Cir. 2007) ................................5-6

*Tripledge Prods, Inc. v. Whitney Res., Ltd.*, 735 F. Supp. 1154 (E.D.N.Y. 1990) .........................6

*Twentieth Century Fox Film Corp. v. Marvel Enterprises, Inc.*, 155 F. Supp. 2d 1 (S.D.N.Y. 2001) ................................................................................................................12

**Statutes**

15 U.S.C. § 1125................................................................................................................................1

New York General Business Law § 349.......................................................................................3, 9

New York General Business Law § 350.......................................................................................3, 9

New York General Business Law § 350-a....................................................................................3, 9

**Other Authorities**

Fed. R. Civ. P. 12(b)(6).......................................................................................................... Passim

Plaintiff/Counterclaim Defendant, Conopco, Inc. d/b/a Unilever ("Unilever"), by its undersigned attorneys, Duane Morris LLP, respectfully submits this Memorandum of Law in support of its Motion to Dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the counterclaims of Defendant/Counterclaim Plaintiff Wells Enterprises, Inc. ("Wells") as set forth in Wells' Answer to Unilever's Complaint, Affirmative Defenses and Counterclaims dated May 22, 2014 (the "Counterclaims").

## PRELIMINARY STATEMENT

On March 28, 2014, Unilever filed a complaint against Wells for federal trademark infringement, false designation of origin and unfair competition in violation of the Lanham Act, and for substantial and related claims of unfair competition, deceptive trade practices and injury to business reputation under the state and common laws of the State of New York ("Complaint"). In its Complaint, Unilever alleged that Wells was utilizing product packaging in connection with the production, marketing, advertising, promotion, distribution and sale of its BOMB POPS frozen confection products which is confusingly similar to Unilever's famous and distinctive trade dress used in connection with Unilever's well-known and distinctive FIRECRACKER® products in violation of Unilever's exclusive rights.

In apparent retaliation for Unilever's initiation of this action, on May 22, 2014, Wells filed its Answer, Affirmative Defenses and Counterclaim (the "Counterclaims") asserting various meritless counterclaims against Unilever. Specifically, Wells asserted Counterclaims for false advertising under Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125, and related state law claims, arising from Unilever's use of the words "The Original FIRECRACKER®" on its FIRECRACKER® product packaging and a "conditional" claim for federal trademark

infringement of Wells' U.S. Trademark Registration Nos. 1,039,931 and 1,127,938 for ice pop product designs (the "BOMB POP® Design").

In light of the vexatious and utterly frivolous nature of Wells' Counterclaims, the Court should grant Unilever's Rule 12(b)(6) motion to dismiss Wells' Counterclaims because none of Wells' Counterclaims states a claim upon which relief may be granted. Specifically, Wells' Counterclaim for false advertising under the Lanham Act fails because Wells has failed to sufficiently allege the requisite elements necessary to demonstrate a prima facie claim for relief, namely that Unilever has made a false or misleading statement; that the purportedly false or misleading statement is material to consumer purchasing decisions and that Wells has suffered injury as a proximate cause of the false and misleading statement.

Wells has failed to sufficiently allege any of these elements. Unilever's use of the term "The Original FIRECRACKER®" is neither literally false, nor misleading. Indeed, consumers encountering the term "The Original FIRECRACKER®" would understand this term as referring to Unilever's product alone and not all red-white-and-blue rocket shaped frozen treats. Moreover, there is absolutely no logical basis for Wells' inferential leap that consumers would associate the term "The Original FIRECRACKER®," which incorporates Unilever's exclusive FIRECRACKER® trademark, with any product other than Unilever's—much less the entire category of red-white-and-blue rocket shaped frozen confections. Even if the Court were to somehow find Unilever's use of this term false or misleading, Wells' false advertising claim would nonetheless fail because Wells has failed to plead any allegations—other than mere conclusory allegations—that Unilever's use of "The Original FIRECRACKER®" is material to consumer purchasing decisions and/or that Wells has suffered injury as a results of these alleged "misrepresentations."

2

Furthermore, Wells' Counterclaims for deceptive trade practices and false advertising under New York General Business Law § § 349, 350 and 350-a and federal trademark infringement are similarly deficient and thus also warrant dismissal. Specifically, Wells' Counterclaims for deceptive trade practices and false advertising under New York General Business Law § § 349, 350 and 350-a are deficient because they fail to sufficiently allege any major consumer impact or harm to the public at large. In reviewing Wells' Counterclaims, it is wholly apparent that the gravamen of Wells' claim is not directed towards consumers or the public at large, but rather to redress (or seek retribution for) a private dispute between two competitors. Indeed, the vexatiousness and utter frivolity of Wells' Counterclaims is epitomized by Wells' "conditional claim" for trademark infringement, which while not affirmatively alleging any likelihood of confusion, alleges nonetheless that Wells has suffered immediate and irreparable injury in the event that any potential confusion is found. Finally, Wells' Counterclaims for common law unfair competition similarly fail because Wells' common law claims are premised on the same underlying causes of action, facts and legal theories as its Lanham Act claims. Accordingly, Wells' Counterclaims should be dismissed in their entirety.

**I.      LEGAL STANDARD FOR MOTION TO DISMISS**

Under Rule 12(b)(6), a motion to dismiss a claim may be granted where, even when the claim is liberally construed, the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Desiano v. Warner-Lambert Co.*, 326 F.3d 339, 347 (2d Cir. 2003). While the court must accept all material facts asserted in the complaint as true and construe all reasonable inferences in the plaintiff's favor, the complaint must contain sufficient factual matter to state a claim that is plausible on its face. *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007).

To survive a motion to dismiss brought under Rule 12(b)(6), however, the "complaint must articulate sufficient factual allegations 'to raise a right to relief above the speculative level. . . .'" *See Naked Cowboy v. CBS*, 844 F. Supp. 2d 510, 514 (S.D.N.Y. 2012) (quoting *Bell Atl. Corp.*, 550 U.S. at 555). Thus, the complaint must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl.*, 550 U.S. at 555. "Bald conclusions, unsupported characterizations, and legal conclusions are not well-pleaded allegations, and will not defeat the motion." *See Gottlieb Dev. LLC v. Paramount Pictures Corp.*, 590 F. Supp. 2d 625, 631 (S.D.N.Y. 2008) (internal quotes omitted).

Thus, in reviewing the sufficiency of the allegations on a motion to dismiss, the court must identify "pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (U.S. 2009). Accordingly, "while legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *See id.*

## II. WELLS' FALSE ADVERTISING CLAIMS SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

To establish a false advertising claim under Section 43(a), a plaintiff must prove that (1) the defendant has made a false or misleading statement; (2) the false or misleading statement has actually deceived or has the capacity to deceive a substantial portion of the intended audience; (3) the deception is material, in that it is likely to influence purchasing decisions; (4) the defendant placed the false or misleading statement in interstate commerce; and (5) the plaintiff has been injured as a result of the misrepresentation, either by direct diversion of sales or by a lessening of goodwill associated with its products. *See Merck Eprova AG v. Gnosis S.p.A.*, 901 F. Supp. 2d 436, 449-450 (S.D.N.Y. 2012). The facts pled in the Counterclaims fail to meet this standard.

A. **Wells' False Advertising Claim Fails Because Wells Has Not Alleged Facts Demonstrating that "The Original FIRECRACKER®" is a False or Misleading Statement**

Under the first element of a false advertising claim, a plaintiff must demonstrate that: "(1) the advertisement is literally false . . ., or (2) although the advertisement is literally true, it is likely to deceive or confuse consumers." *L. & J.G. Stickley, Inc. v. Cosser*, 255 Fed. Appx. 541, 543 (2d Cir. 2007) quoting *Societe des Hotels Meridien v. LaSalle Hotel Operating P'ship, L.P.*, 380 F.3d 126, 132 (2d Cir. 2004).

In determining falsity, the Court analyzes the words or images considered in context. *Time Warner Cable, Inc. v. DIRECTV, Inc.*, 497 F.3d 144, 158 (2d Cir. 2007). The court then determines if the statement is false or true using common sense and logic. *See Hertz Corp. v. Avis, Inc.*, 867 F. Supp. 208, 212 (S.D.N.Y. 1994).

A literally false statement is usually unambiguous, egregious and objectively false on its face. *See* 5 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 27:55 (hereinafter McCarthy). Indeed, if the statement is subject to more than one possible interpretation, it is not literally false. *See Time Warner Cable, Inc.*, 497 F.3d at 157-58 ("[o]nly an unambiguous message can be literally false"). Therefore, if the language or graphic is susceptible to more than one reasonable interpretation, the advertisement cannot be literally false. *See id.* at 158. (citations omitted).

Alternatively, if the statement is not literally false, the plaintiff must demonstrate that the statement is nevertheless likely to mislead or confuse consumers. *See Time Warner*, 497 F.3d at 153, citing *Coca-Cola Co. v. Tropicana Prods, Inc.*, 690 F.2d 312, 317 (2d Cir. 1982). A statement is misleading if it has actually deceived consumers or has the capacity to deceive consumers or create a false impression about the product or service, or a characteristic thereof.

5

*Tripledge Prods, Inc. v. Whitney Res., Ltd.*, 735 F. Supp. 1154, 1164 (E.D.N.Y. 1990) (citation omitted). To demonstrate that a statement is misleading, a plaintiff must introduce extrinsic evidence, such as survey evidence or evidence of actual consumer deception. *See Time Warner*, 497 F.3d at 153; *Johnson & Johnson Merck Consumer Pharms. Co. v. Smithkline Beecham Corp.*, 960 F.2d 294, 297 (2d Cir. 1992) (finding that where plaintiff proceeds on a claim of implied falsehood, it "must demonstrate, by extrinsic evidence, that the challenged [advertisements] tend to mislead or confuse consumers").

Wells' claim for false advertising clearly fails because Unilever's term, "The Original FIRECRACKER®," is neither literally false, nor misleading. Indeed, in order to bolster its allegations, Wells, itself, engages in a bit of misdirection by conveniently omitting significant information such as the facts that the term "the Original" appears directly above the word "FIRECRACKER®"— not above the illustrations of the frozen confections—and that the word "Original" is depicted in the same font style and colors (i.e. red bubble lettering outlined in white), and right-upward slanting orientation as the word "FIRECRACKER®." Thus, logically, consumers reading these words would naturally conclude that the term "the original" is meant to be read with and describe "firecracker" as in "The Original FIRECRACKER®."

> **B.  Wells' False Advertising Claim Fails Because Wells Has Not Alleged Facts Demonstrating that the Term "The Original FIRECRACKER®" Is Material to Consumer Purchasing Decisions**

Indeed, even if the Court could somehow find that Unilever's term was either literally false or misleading, Wells' claim would nevertheless fail because it cannot demonstrate that the term is material to consumer purchasing decisions. The materiality requirement "is based on the premise that not all deceptions affect consumer decisions." *See Eprova v. BrookStone Pharms.*, 920 F. Supp. 2d 404, 423 (S.D.N.Y. 2013) citing *Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.*, 299 F.3d 1242, 1250 (11th Cir. 2002). Thus, a plaintiff must demonstrate that the

6

false or misleading statement is material to or affects the consumer's decision to purchase the product. *See Mylan Pharm., Inc. v. Proctor & Gamble Co.*, 443 F. Supp. 2d 453, 462 (S.D.N.Y. 2006); *see also Merck & Co. v. Mediplan Health Consulting*, 425 F. Supp. 2d 402, 417 (S.D.N.Y. 2006); *Nat'l Basketball Ass'n v. Motorola, Inc.*, 105 F.3d 841, 855 (2d Cir. 1997) (finding Motorola's false statement to be immaterial because "the inaccuracy in the statements would not influence customers at the present time").

Courts consider several factors in determining materiality, including whether the misrepresentation concerned an inherent quality or fundamental characteristic of the product, the importance of the matter misrepresented (e.g., the key ingredient versus a minuscule ingredient), the manner in which the misrepresentation is disseminated or communicated (e.g., in a nationally televised advertisement versus a locally disseminated brochure) and the extent to which the statement departs from the truth. *See e.g., Eprova v. BrookStone Pharms.,* 920 F. Supp. 2d 404, 423 (S.D.N.Y. 2013) (looking at whether the misrepresentation concerned a fundamental characteristic). Wells' threadbare allegations fail to sufficiently or adequately allege why such a term would be material to consumer purchasing decisions. Indeed, to satisfy this requirement, Wells merely alleges that "[t]he Original Claim is material to consumers' purchasing decisions." No other facts, details or explanations are provided. *See* Counterclaims ¶ 32.

Unfortunately for Wells, its threadbare and conclusory allegations do not meet the pleadings standard set forth by the Supreme Court in *Twombly* and *Iqbal*. *See Twombly*, 550 U.S. at 554 (the complaint must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). Here, Wells' allegations are the exact type of "[b]ald conclusions, unsupported characterizations, and legal conclusions" that were found insufficient by both the Supreme Court and this Court. *See Gottlieb,* 590 F. Supp. 2d

at 631 ("Bald conclusions, unsupported characterizations, and legal conclusions are not well-pleaded allegations, and will not defeat [a motion to dismiss]"). Moreover, because this statement is merely a bald legal conclusion which merely reiterates the materiality requirement, it is not entitled to the assumption of truth. Accordingly, Wells has not—and indeed cannot—plead specific facts that satisfy the materiality requirement and thus has failed to state a claim upon which relief may be granted.

### C. Wells Fails to Allege Facts Demonstrating an Injury

Dismissal of Wells' claim for false advertising is further warranted because Wells cannot demonstrate the requisite injury necessary to demonstrate a false advertising claim. "To establish a false advertising claim under Section 43(a) of the Lanham Act, a plaintiff must prove …[it] has been injured as a result of the misrepresentation, either by direct diversion of sales or by a lessening of goodwill associated with its products." *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1395 (U.S. 2014) ("To invoke the Lanham Act's cause of action for false advertising, a plaintiff must plead (and ultimately prove) an injury to a commercial interest in sales or business reputation proximately caused by the defendant's misrepresentations."). "Likelihood of injury and causation will not be presumed but must be demonstrated in some manner." *Ortho Pharma. Corp. v. Cosprophar, Inc.*, 32 F.3d 690, 694 (2d Cir. 1994) (quoting *Coca-Cola Co. v. Tropicana Prods., Inc.*, 690 F.2d 312, 316 (2d Cir. 1982)). Accordingly, to satisfy this requirement, "a party must also make a showing of both an injury and a causal link between the injury and the allegedly false advertising." *Rexall Sundown, Inc. v. Perrigo Co.*, 651 F. Supp. 2d 9, 40 (E.D.N.Y. 2009); *Ortho Pharm.*, 32 F.3d at 694 (The "'reasonable basis' prong embodies a requirement that the plaintiff show both likely injury and a causal nexus to the false advertising").

Wells' allegations are insufficient because they do not sufficiently allege any damage or injury to Wells' commercial interests which have been suffered as a result of Unilever's use of the term "The Original FIRECRACKER®" to refer to its own products. Indeed, in its Counterclaims, Wells merely relies on conclusory allegations that Unilever's use of "The Original FIRECRACKER®" has caused and will continue to cause Wells to suffer substantial and irreparable injury" without any further explanation. Counterclaims ¶ 36. Moreover, other than vague and conclusory allegations which merely reiterate the elements of a false advertising claim, Wells has not pled any facts demonstrating any specific or particular injury which was allegedly caused by Unilever's use of the term "The Original FIRECRACKER®." Indeed, Wells has not alleged any reputational damage, competitive disadvantage, direct diversion of sales or lessening of the goodwill associated with its products. Nor has Wells offered any credible theory—or any theory—as to why or how it suffered damages purportedly as a result of Unilever's use of this innocuous and vague self-referential terminology. Nor can it, because there is simply no credible causal connection between Unilever's use of the self-referential term "The Original FIRECRACKER®" and any loss of sales or reputational damages suffered by Wells. Accordingly, Wells has failed to sufficiently plead a cause of action of false advertising under the Lanham Act.

### III. WELLS' CLAIMS UNDER NEW YORK GENERAL BUSINESS LAW § § 349, 350 and 350-a SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

Dismissal of Wells' counterclaims under New York General Business Law § § 349, 350 and 350-a is similarly warranted because Wells lacks standing to bring a claim under these statutes. Specifically, in order for a plaintiff to have standing under Sections 349 and 350, "the gravamen of the complaint must be consumer injury or harm to the public interest." *See digiGAN, Inc. v. iValidate, Inc.*, No. 02 Civ. 420, 2004 U.S. Dist. LEXIS 1324, at *20 (S.D.N.Y.

2004) ("defendant's acts or practices must have broad impact on consumers at large"); *Ortho Pharmaceutical Corp. v. Cosprophar, Inc.*, 828 F. Supp. 1114, 1128 (S.D.N.Y. 1993).

With respect to Section 349 and 350 claims, "the gravamen of the complaint must be consumer injury or harm to the public interest." *See digiGAN, Inc. v. iValidate, Inc.*, No. 02 Civ. 420, 2004 U.S. Dist. LEXIS 1324, at *19 (S.D.N.Y. 2004) ("defendant's acts or practices must have broad impact on consumers at large"); *C=Holdings B.V. v. Asiarim Corp.*, No. 12 Civ. 928, 2013 U.S. Dist. LEXIS 183604, at *50 (S.D.N.Y. Dec. 17, 2013) (the harm alleged must be to the public at large). Accordingly, harm to private businesses as opposed to the public at large, is insufficient for Sections 349 and 350 claims. *See digiGAN, Inc.*, No. 02 Civ. 420, 2004 U.S. Dist. LEXIS at *19-*20. Moreover, confusion regarding the ownership of intellectual property is not actionable under Sections 349 and 350. *See C=Holdings B.V.*, No. 12 Civ. 928, 2013 U.S. Dist. LEXIS at *50 (dismissing the claim under Section 349 for falsely alleging trademark ownership); *digiGAN, Inc.*, No. 02 Civ. 420, 2004 U.S. Dist. LEXIS at *20 (dismissing claims under Sections 349 and 350 for falsely alleging that a product was patented).

In its counterclaims, Wells has failed to sufficiently plead the cause or manner of injury suffered by the public at large as a result of Unilever's use of The Original FIRECRACKER®. While Wells has alleged that "the public is likely to be damaged as a result of the deceptive trade practices or acts engaged in by Unilever," once again, other than these conclusory allegations, Wells has provided no facts, details or other explanation as to why the public interest would be damaged or in what manner. *See Ortho Pharmaceutical Corp.*, 828 F. Supp. at 1129 ("Ortho failed to introduce any evidence that established that consumers are misled by Cosprophar's advertising . . . [t]he claims are therefore dismissed"). Moreover, while Wells alleges that "Unilever's use of the Original Claim has injured and damaged and will likely further injure and

damage Wells in violation of New York General Business Law," this harm is private and does not affect the public at large. Accordingly, Unilever's Motion to Dismiss should be granted.

## IV. WELLS' CLAIMS FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

Dismissal of Wells' federal trademark infringement and common law unfair competition claims is similarly warranted because Wells has failed to sufficiently plead likelihood of confusion. In order to demonstrate a claim of trademark infringement, the plaintiff must allege ownership of a protectable trademark and likelihood that an appreciable number of ordinary prudent purchasers will be confused by the similarity of the plaintiff's and defendant's marks. *See Savin Corp. v. Savin Group*, 391 F.3d 439, 456, 461 (2d Cir. 2004); *Coach, Inc. v. McMeins*, No. 11 Civ. 3574, 2012 U.S. Dist. LEXIS 47153, at *7 (S.D.N.Y. Mar. 9, 2012). Moreover, before plaintiff may recover actual damages sustained, a plaintiff must show that, as a result of defendant's activity, plaintiff suffered an injury to its reputation, diversion of its sales, or some other commercial injury. *Bear U.S.A., Inc. v. JooAn, Co.*, No. 98 Civ. 7649, 2001 U.S. Dist. LEXIS 637, at *17 (S.D.N.Y. Jan. 25, 2001)

Dismissal of Wells' federal trademark infringement claim is warranted because Wells has not alleged likelihood of confusion. Instead, Wells has carefully avoided alleging any likelihood of confusion and instead alleged that "if there is a likelihood of confusion among relevant consumers as to the source of Wells' BOMB POP® product contained in the product packaging, as alleged by Unilever in this action, such confusion would be the result of Unilever's infringement of Wells' trademarked BOMB POP® Design," and/or of Wells' exclusive rights in its U.S. trademark registrations for the BOMB POP Design (emphasis added) *see* Counterclaims ¶¶ 22, 60. Clearly, these allegations do not meet the pleading requirements to allege a claim for federal trademark infringement under the Lanham Act, as Wells has deliberately refrained from

11

affirmatively alleging any likelihood of confusion. Indeed, Wells itself refers to its claim for trademark infringement as "a conditional claim" for infringement. *See* Counterclaims ¶ 2. Even more incredibly, despite its apparent unwillingness to affirmatively allege a likelihood of confusion, Wells then alleges that "in the event of a likelihood of source confusion, Unilever's conduct will have caused and is causing immediate and irreparable injury to Wells, and to its goodwill and reputation, and will continue to damage Wells and to confuse the public unless enjoined by this Court." *See* Counterclaims ¶ 62. Thus, in essence, while Wells is uncertain that any likelihood of confusion exists, it is certain that it has been immediately and irreparably damaged by such non-existent confusion. Clearly, Wells is playing a strategic game with its pleadings which clearly does not meet the standards under Rule 12(b)(6).

Finally, Wells' common law unfair competition claim should also be dismissed because Wells' common law unfair competition claim is premised on the same underlying causes of action, facts and legal theories as set forth in its Lanham Act claims. Indeed, it is well settled that "the elements of causes of action for trademark infringement and unfair competition under New York common law 'mirror [those of] the Lanham Act claims.'" *See Kensington Publ'g Corp. v. Gutierrez*, No. 05 Civ. 10529, 2009 U.S. Dist. LEXIS 110088, at *21 (S.D.N.Y. Sept. 25, 2009); *ESPN, Inc. v. Quiksilver, Inc.*, 586 F. Supp. 2d 219, 230 (S.D.N.Y. 2008) (internal citation omitted) (same); *Twentieth Century Fox Film Corp. v. Marvel Enterprises, Inc.*, 155 F. Supp. 2d 1, 25 (S.D.N.Y. 2001) (dismissed the common law unfair competition claim because any false designation/false advertising claim is precluded for the same reason as the Lanham Act claim); *Sally Gee, Inc. v. Myra Hogan, Inc.*, 699 F.2d 621, 624 (2d Cir. 1983) (holding that the test for common law unfair competition claims is essentially the same as for Lanham Act

claims). Accordingly, as set forth above, Wells' counterclaims should be dismissed in their entirety.

## CONCLUSION

For the foregoing reasons, Unilever's Motion to Dismiss should be granted. Moreover, Unilever respectfully requests that the Court deny any request by Wells for leave to amend its Counterclaims as Wells' counterclaims are legally deficient and futile as a matter of law.

Respectfully submitted,

**DUANE MORRIS LLP**

By: /s/ Vanessa C. Hew
Gregory P. Gulia
Vanessa C. Hew
Mitchell A. Frank
1540 Broadway
New York, New York 10036-4086
Telephone: 212-692-1000
Fax: 212-692-1020

Attorneys for Plaintiff
Conopco, Inc. d/b/a Unilever

DM2\4974516.1