# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONOPCO, INC. D/B/A UNILEVER,<br><br>Plaintiff,<br><br>v.<br><br>WELLS ENTERPRISES, INC.,<br><br>Defendant. | Case No.: 1:14-cv-02223-NRB-RLE<br><br>**WELLS ENTERPRISES INC'S MEMORANDUM IN OPPOSITION TO CONOPCO, INC.'S MOTION TO DISMISS** |
| WELLS ENTERPRISES, INC.,<br><br>Counterclaim Plaintiff,<br><br>v.<br><br>CONOPCO, INC. D/B/A UNILEVER,<br><br>Counterclaim Defendant. | |

# **TABLE OF CONTENTS**

                                                                               **Page**

INTRODUCTION……………………………………………………………………………...1

SUMMARY OF FACTS ALLEGED IN SUPPORT OF WELLS' COUNTERCLAIMS ………2

ARGUMENT ………………………………………………………………………………..5

I. WELLS HAS STATED A CLAIM FOR FALSE ADVERTISING........................................... 5

      A.      Wells has Alleged Facts Sufficient to Plausibly Demonstrate that The Original Claim is Expressly or Impliedly False or Misleading .............................. 5

      B.      Wells has Alleged Facts Sufficient to Plausibly Demonstrate that the Original Claim is Material to Consumer Purchasing Decisions ............................ 7

      C.      Wells has Alleged Facts Sufficient to Plausibly Demonstrate Commercial Injury Under the Lanham Act and Public Injury Under New York General Business Law §§ 349, 350 and 350-a ..................................................................... 9

II. WELLS HAS STATED A CLAIM FOR TRADEMARK INFRINGEMENT ....................... 11

CONCLUSION ……………………………………………………………………………….13

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*2004 Stuart Moldaw Trust v. XE L.I.F.E., LLC*,
 642 F. Supp. 2d 226 (S.D.N.Y. 2009) ...................................................................................11

*AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*,
 No. 05 Civ. 4248, 2007 U.S. Dist. LEXIS 63421 (S.D.N.Y. Aug. 28, 2007) ........................11

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ................................................................................................................4

*Avon Prods., Inc. v. S.C. Johnson & Son, Inc.*,
 984 F. Supp. 768 (S.D.N.Y. 1997) ........................................................................................10

*Barr v. Dramatists Guild, Inc.*,
 573 F. Supp. 555 (S.D.N.Y. 1983) ........................................................................................11

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) ............................................................................................................4, 6

*Cashmere & Camel Hair Mfrs. Instit. v. Saks Fifth Ave.*,
 284 F.3d 302 (1st Cir. 2002) ...................................................................................................8

*Coca-Cola Co. v. Tropicana Products, Inc.*,
 690 F.2d 312 (2d Cir. 1982) ....................................................................................................6

*El Paso Natural Gas Co. v. United States*,
 750 F.3d 863 (D.C. Cir. 2014) .........................................................................................11, 12

*Goodall-Sanford, Inc. v. Landers Corp.*,
 187 F.2d 639 (C.C.P.A. 1951) ...............................................................................................13

*Kaplan, Inc. v. Yun*,
 No. 13 Civ. 1147 (JGK), 2014 U.S. Dist. LEXIS 60225 (S.D.N.Y. Apr. 30, 2014) ................5

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
 134 S. Ct. 1337 (2014) ............................................................................................................9

*Macia v. Microsoft Corp.*,
 335 F. Supp. 2d 507 (D. Vt. 2004) ........................................................................................11

*Mantae Am., Inc. v. Drybranch, Inc.*,
 No. 91 Civ. 4822 (LMM), 1991 U.S. Dist. LEXIS 14451 (S.D.N.Y. Oct. 9, 1991) ................8

*Merck & Co. v. Mediplan Health Consulting*,
　425 F. Supp. 2d 402 (S.D.N.Y. 2006) ..................................................................................10

*NewMarkets Partners LLC v. Sal. Oppenheim Jr. & CIE*,
　638 F. Supp. 2d 394 (S.D.N.Y. 2009) ....................................................................................8

*Noasha LLC v. Nordic Group of Cos.*,
　630 F. Supp. 2d 544 (E.D. Pa. 2009) ...................................................................................13

*Polaroid Corp. v. Polarad Electronics Corp.*,
　287 F.2d 492 (2d Cir. 1961) ................................................................................................12

*Rescuecom Corp. v. Google, Inc.*,
　562 F.3d 123 (2d Cir. 2009) ..................................................................................................4

*Ribble v. Kimberly-Clark Corp.*,
　No. 09-C-643, 2012 U.S. Dist. LEXIS 21822 (E.D. Wis. Feb. 21, 2012) ................................11

*Salon FAD v. L'Oreal USA, Inc.*,
　No. 10 Civ. 5063 (DLC), 2011 U.S. Dist. LEXIS 2233 (S.D.N.Y. Jan. 10, 2011) ................7, 9

*Telebrands Corp. v. Wilton Indus., Inc.*,
　983 F. Supp. 471 (S.D.N.Y. 1997) .........................................................................................9

*Time Warner Cable, Inc. v. DirecTV*, Inc.,
　497 F.3d 144, 158 (2d Cir. 2007) ..........................................................................................7

*Turbon Int'l, Inc. v. Hewlett-Packard Co.*,
　769 F. Supp. 2d 262 (S.D.N.Y. 2011) ....................................................................................5

*Victoria's Secret Stores Brand Mgmt. v. Sexy Hair Concepts, LLC*,
　No. 07 Civ. 5804, 2009 U.S. Dist. LEXIS 30458 (S.D.N.Y. Apr. 8, 2009) .............................5

*Walker v. Schult*,
　717 F.3d 119 (2d Cir. 2013) .............................................................................................4, 6

*Zobmondo Entm't LLC v. Imagination Int'l Corp.*,
　CV 09-02235, 2009 U.S. Dist. LEXIS 132334 (C.D. Cal. June 23, 2009) .............................8

**STATE STATUTES**

New York General Business Law §§ 349, 350 and 350-a .................................................10, 11, 12

**RULES**

Federal Rule of Civil Procedure 8 ................................................................................................12

Federal Rule of Civil Procedure 12(b)(6) ......................................................................................4

**INTRODUCTION**

In its motion, Conopco, Inc. ("Conopco") asks the Court to misapply the law to a misreading of Wells Enterprises, Inc.'s ("Wells") well-pleaded allegations in its counterclaim. Wells' allegations, properly construed in the light most favorable to Wells, are more than sufficient to state plausible claims for relief. The Court should deny Conopco's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

First, Wells has stated a claim for false advertising under the Lanham Act and New York General Business Law §§ 349, 350 and 350-a. Wells has alleged facts sufficient to plausibly demonstrate that Conopco's use of the phrase "The Original" on its FIRECRACKER packaging for its red-white-and-blue rocket shaped pop (when Wells' red-white-and-blue rocket shaped BOMB POP® products have been sold for more than 30 years longer) is expressly or impliedly false or misleading, and is material to consumers' purchasing decisions. Contrary to Conopco's suggestion, Wells is not required to "prove" or "demonstrate" falsity or materiality to survive a Rule 12(b)(6) motion. Moreover, the federal standards applicable to false advertising claims are substantially similar to the standards applicable to claims under the New York deceptive trade practices statute. Wells false advertising allegations easily pass Rule 8 muster.

Second, Wells has stated a conditional or contingent counterclaim for trademark infringement. Federal Rule of Civil Procedure 8(d)(2) specifically authorizes hypothetical and alternative pleadings that are conditioned on the outcome of a plaintiff's claim. Wells' allegations regarding likelihood of confusion are fully consistent with alternative pleading under Rule 8.

## SUMMARY OF FACTS ALLEGED IN SUPPORT OF WELLS' COUNTERCLAIMS

**Development and Ownership of the BOMB POP®**

The BOMB POP® is the original or first red-white-and-blue rocket shaped frozen ice pop sold in the United States. Created by James S. Merritt and D.S. Abernethy in 1955, the BOMB POP® preceded Conopco's FIRECRACKER frozen confection in the market by more than 30 years. (Dkt. 9 ¶ 9.) In the early 1990s, Wells acquired Merritt Foods, and began to offer the BOMB POP® under the Blue Bunny brand. (*Id.* at ¶ 10.) Since at least as early as 1995, Wells has continuously marketed, distributed and sold its BOMB POP® frozen ice treats in packaging which truthfully touts the BOMB POP® as "The Original" red-white-and-blue rocket shaped frozen ice pop. (*Id.* at ¶ 15.)

Wells owns nine trademark registrations on the Principal Register of the United States Patent & Trademark Office for different aspects of the name and distinctive design of the BOMB POP® product. (*Id.* at ¶ 11.) For instance, Wells owns U.S. Trademark Registration No. 1,039,931, which is depicted below:



(the "BOMB POP® Design"). (*Id.*)

Conopco's FIRECRACKER ice pop mimics the BOMB POP® Design in every aspect, from its rocket-like appearance, to its red-above-white-above-blue color scheme, to its symmetrical, radially projecting fins. (*Id.* at ¶ 19.) Conopco's packaging for its FIRECRACKER pop prominently features images of the red-white-and-blue FIRECRACKER pop. (*See id.* at ¶¶ 18, 24.)

**Conopco's Claim**

In its Complaint against Wells, (Dkt. 1), Conopco claims that the BOMB POP® product packaging Wells introduced in January 2013 infringes Conopco's alleged trade dress in its FIRECRACKER product packaging. (*Id.* at ¶ 21.) Wells denies that its BOMB POP® product packaging infringes any purported rights of Conopco whatsoever. However, if there were a likelihood of confusion among relevant consumers as to the source of Wells' BOMB POP® product, as alleged by Conopco, such confusion would be the result of the similarity of the FIRECRACKER pop, prominently pictured on the its packaging, to the BOMB POP®, prominently pictured on its packaging, not to any alleged infringement of any alleged trade dress owned by Conopco. (*Id.* at ¶ 22.)

**Wells' Counterclaim**

Shortly after this litigation commenced, Conopco created a new FIRECRACKER package to prominently feature the phrase "The Original," knowing that the BOMB POP® was the first red-white-and-blue rocket shaped frozen ice treat (the "Original Claim"):



(the "Deceptive Packaging"). (*Id.* at ¶ 24.) In context, the words and pictures of the Deceptive Packaging expressly and/or impliedly convey to consumers the message that the FIRECRACKER is the original or first red-white-and-blue rocket shaped frozen ice treat, even though the FIRECRACKER product was introduced in the market in 1989, more than 30 years after the BOMB POP® was introduced. (*Id.* at ¶¶ 25–26.) Accordingly, the Original Claim is likely to have deceived and has deceived consumers of frozen confections into believing that the FIRECRACKER was the first red-white-and-blue rocket shaped frozen ice treat, when, in reality, Wells' BOMB POP® predates Conopco's knock-off product by decades. (*Id.* at ¶ 28.)

## **LEGAL STANDARD**

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), all allegations of material fact are assumed to be true and are construed in the light most favorable to the nonmoving party. *Rescuecom Corp. v. Google, Inc.*, 562 F.3d 123, 124 (2d Cir. 2009). The issue on a motion to dismiss for failure to state a claim "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013). A complaint must contain "only enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556).

**ARGUMENT**

**I.     WELLS HAS STATED A CLAIM FOR FALSE ADVERTISING**

**A.     Wells has Alleged Facts Sufficient to Plausibly Demonstrate that The Original Claim is Expressly or Impliedly False or Misleading**

Wells' allegations regarding the false and misleading nature of the Original Claim easily pass Rule 8 muster. "To state a claim for false advertising under the Lanham Act, [Wells] must allege either that 'the challenged advertisement is literally false' or that 'the advertisement, while not literally false, is nevertheless likely to mislead or confuse consumers.'" *Kaplan, Inc. v. Yun*, No. 13 Civ. 1147 (JGK), 2014 U.S. Dist. LEXIS 60225, at *17 (S.D.N.Y. Apr. 30, 2014) (quoting *Turbon Int'l, Inc. v. Hewlett-Packard Co.*, 769 F. Supp. 2d 262, 268 (S.D.N.Y. 2011)). Wells has plausibly alleged the false and misleading nature of the Original Claim by referencing an image of the Deceptive Packaging, (*see* Dkt. 9 at ¶ 24), and alleging that "[t]he words and pictures of the Deceptive Packaging expressly and/or impliedly convey to consumers the message that the FIRECRACKER is the original or first red-white-and-blue rocket shaped frozen ice treat," (*id.* at ¶ 26). The term "original" means "first in time." Oxford English Dictionary, "Original" Definition A.2.a, *http://www.oed.com/view/Entry/132564?redirectedFrom=original#eid* (last visited Dec. 16, 2014).[1] Conopco's placement of the phrase "the Original" in close proximity to the dominant feature of the packaging—three red-white-and-blue missile-shaped ice pops—leads consumers to mistakenly believe that the FIRECRACKER product is the original or first red-white-and-blue rocket shaped ice pop. This is more than sufficient to survive dismissal on the pleadings.

Conopco's argument to the contrary is based on a deliberate misreading of Wells' counterclaim. Conopco asserts that "Wells' claim for false advertising clearly fails because

---

[1] The Court may take judicial notice of this dictionary definition. *See, e.g., Victoria's Secret Stores Brand Mgmt. v. Sexy Hair Concepts, LLC*, No. 07 Civ. 5804, 2009 U.S. Dist. LEXIS 30458, at *21 (S.D.N.Y. Apr. 8, 2009).

5

Conopco's term, 'The Original FIRECRACKER®,' is neither literally false, nor misleading." (Dkt. 17 at 6.) But Wells has not alleged that the phrase "The Original FIRECRACKER®" is false or misleading. Rather, Wells has alleged that the phrase "The Original," appearing in a contrasting blue color to the red color of the word "Firecracker" and adjacent to large images of the Firecracker red-white-and-blue rocket-shaped ice pop, is false or misleading in the context of the entire packaging depicted in its counterclaim, which was adopted by Conopco shortly after it brought this action against Wells. It is entirely appropriate for the trier of fact to view graphical images in an advertisement to discern their meaning in the context of the ad. *See, e.g.*, *Coca-Cola Co. v. Tropicana Products, Inc.*, 690 F.2d 312, 318 (2d Cir. 1982) ("We find, therefore that the squeezing-pouring sequence in the Jenner commercial is false on its face. The visual component of the ad makes an explicit representation that Premium Pack is produced by squeezing oranges and pouring the freshly-squeezed juice directly into the carton.").

Conopco cannot defeat Wells' well-pleaded counterclaim merely by asserting that "the Original" can ***only*** be read in conjunction with "Firecracker®," and ***cannot*** be associated with any other element of the packaging, such as the adjacent prominently featured images of the red-white-and-blue ice pops.[2] To do so would violate the standard applicable to this motion that the Court determine whether the well-pleaded allegations of the Complaint plausibly state a claim for relief. *Twombly*, 550 U.S. at 570.

Nor can Conopco defeat Wells' well-pleaded counterclaim by arguing that Wells has failed to prove falsity. Wells is not, as Conopco suggests, required to "prove" or "demonstrate" anything in its counterclaim. *Walker*, 717 F.3d at 124 (The issue on a motion to dismiss for

---

[2] The Court should be especially skeptical of Conopco's argument given that Conopco erroneously claims that "the Original" is depicted in the same color "(i.e. red bubble lettering outlined in white) . . . as the word FIRECRACKER®" (Dkt. 17 at 6), when the phrase actually appears in blue, (*see* Dkt. 9 at ¶ 24).

failure to state a claim "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.")[3] Conopco's statement that "[t]o demonstrate that a statement is misleading, [Wells] must introduce extrinsic evidence, such as survey evidence or evidence of actual consumer deception" and the attorney argument that follows (*see* Dkt. 17 at 6) is wholly irrelevant to the sufficiency of the facts alleged in support of Wells' counterclaims. Wells' allegations—which incorporate and discuss an image of the Deceptive Packaging itself—plausibly demonstrate that the Original Claim is literally or impliedly false or misleading, and survive Conopco's Rule 12(b)(6) challenge.[4]

### B. Wells has Alleged Facts Sufficient to Plausibly Demonstrate that the Original Claim is Material to Consumer Purchasing Decisions

Wells' allegations of materiality also "relate sufficiently to an inherent and material characteristic of the product to be actionable." *Salon FAD v. L'Oreal USA, Inc.*, No. 10 Civ. 5063 (DLC), 2011 U.S. Dist. LEXIS 2233, at *18 (S.D.N.Y. Jan. 10, 2011). In its counterclaim, Wells catalogs 19 years of BOMB POP® packaging touting it as the original red-white-and-blue rocked shaped ice pop and describes the corresponding goodwill embodied by the original BOMB POP® product. (Dkt. 17 at ¶¶ 15–17.) Wells further alleges that "[t]he Original Claim is material to consumers' purchasing decisions" (*id.* at ¶ 32), and that "[c]onsumers have reasonably relied and/or are likely to reasonably rely upon these misrepresentations in making purchase decisions . . . ." (*Id.* at ¶¶ 42, 50.)

---

[3] Notably, each case Conopco cites in support of its falsity argument was decided on a motion for a preliminary injunction or at summary judgment, not on a Rule 12(b)(6) motion.

[4] Further, Conopco is wrong that a survey or evidence of actual consumer deception is required to prove that an advertisement implies a false message. Where an advertisement necessarily implies a false message, no such evidence is required. *See Time Warner Cable, Inc. v. DirecTV*, Inc., 497 F.3d 144, 158 (2d Cir. 2007) ("If the words or images, considered in context, necessarily imply a false message, the advertisement is literally false and no extrinsic evidence of consumer confusion is required.").

The term "the Original" concerns an inherent quality or characteristic of the BOMB POP® product. As this court held in granting a preliminary injunction against the false and misleading use of the phrase "The Original" in connection with a toy, the phrase "The Original" "communicates to the consuming public . . . . that the product is the first introduced [product] of the general type." *Mantae Am., Inc. v. Drybranch, Inc.*, No. 91 Civ. 4822 (LMM), 1991 U.S. Dist. LEXIS 14451, at *1 (S.D.N.Y. Oct. 9, 1991); *see also Zobmondo Entm't LLC v. Imagination Int'l Corp.*, CV 09-02235, 2009 U.S. Dist. LEXIS 132334, at *13 (C.D. Cal. June 23, 2009) (denying defendant's motion to dismiss false advertising claim alleging that defendant's use of "original" inaccurately conveys that Imaginations' game was the first "would you rather" board game.) The term "The Original" thus identifies an inherent quality or characteristic of the product—that it is "The Original" product of that type.

Wells' allegations regarding its longstanding marketing campaign touting the BOMB POP®'s origins as the original red-white-and-blue rocked-shaped ice pop (*see* Dkt. 17 at ¶¶15–17) also plausibly demonstrate that the term "The Original" concerns an inherent quality or characteristic. Wells' decades'-old campaign *itself* plausibly demonstrates that the term "The Original" concerns an inherent quality or characteristic. *See Cashmere & Camel Hair Mfrs. Instit. v. Saks Fifth Ave.*, 284 F.3d 302, 312 (1st Cir. 2002) (defendant's "aggressive marketing strategy" highlighting particular characteristic of a product showed that the defendants believed it to be an "inherent and important" characteristic); *NewMarkets Partners LLC v. Sal. Oppenheim Jr. & CIE*, 638 F. Supp. 2d 394, 406 (S.D.N.Y. 2009) ("In addition, the private placement memoranda repeatedly emphasized Plaintiffs' names, their familiarity with emerging markets, and their access to investment opportunities, which suggest their involvement could be important to consumer decisions to invest in the German Funds.").

In addition, the term "The Original" reminds the consumer of Wells' longstanding advertising campaign, which "highlights the unique virtues of [the BOMB POP®]" and "differentiates [the BOMB POP®] from products of a similar type." *See Telebrands Corp. v. Wilton Indus., Inc.*, 983 F. Supp. 471, 475 (S.D.N.Y. 1997) ("The logo 'AS SEEN ON T.V.' reminds the consumer of advertising she has seen, advertising that highlights the unique virtues of a product, and thus the logo may influence her to purchase the product in question as the one advertised on television. As seen in this light, it is clear that the false use of the 'AS SEEN ON T.V.' logo pertains to an 'inherent quality or characteristic' of the product—namely, its identity."); *see also Salon FAD*, 2011 U.S. Dist. LEXIS 2233, at *18 ("The false statements at issue here relate sufficiently to an inherent and material characteristic of the product to be actionable. The statements imply that the quality of the products is so superior that they are available only through professionals in hair care."). For all of the above reasons, Wells has alleged facts sufficient to plausibly demonstrate that the Original Claim is material to consumer purchasing decisions.

### C. Wells has Alleged Facts Sufficient to Plausibly Demonstrate Commercial Injury Under the Lanham Act and Public Injury Under New York General Business Law §§ 349, 350 and 350-a

Wells has also sufficiently alleged injury under the Lanham Act and New York General Business Law §§ 349, 350 and 350-a. As Conopco states in its opening memorandum, a Lanham Act false advertising plaintiff must plead, and ultimately prove, that "[it] has been injured as a result of the representation . . . by a lessening of goodwill associated with its products." (Dkt. 17 at 12) (citing *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1337, 1395 (2014)). Wells' allegations demonstrate that by adopting the Original Claim, Conopco has damaged the goodwill built up by Wells through decades of use of the phrase "The Original" in connection with its BOMB POP® product.

9

In its counterclaim, Wells catalogs nineteen years of BOMB POP® packaging touting the BOMB POP® as the original red-white-and-blue rocked-shaped frozen ice pop, and describes the corresponding goodwill embodied by the Original BOMB POP® product. (Dkt. 17 at ¶¶15–17). Wells goes on to allege that "[t]he Original Claim is likely to have deceived and has deceived consumers of frozen confections into believing that the FIRECRACKER was the first red-white-and-blue rocket shaped frozen ice treat, when, in reality, Wells' BOMB POP® predates Conopco's knock-off product by decades." (*Id.* at ¶ 28.) Read in the context of Paragraphs 15–17, this allegation plausibly alleges the requisite injury to Wells' goodwill under the Lanham Act.

Paragraph 28 also resolves Conopco's motion to dismiss Wells' claims under New York General Business Law §§ 349, 350 and 350-a. Conopco argues that "confusion regarding the ownership of intellectual property is not actionable under Sections 349 and 350." (Dkt. 17 at 14.) However, Wells' allegations pertain not to source confusion or confusion over the ownership of intellectual property, but rather to Conopco's ***false advertising***, which has materially misled consumers to believe that its FIRECRACKER product is the original or first red-white-and-blue rocket-shaped ice pop. This Court has repeatedly held that "[t]he federal standards applicable to false advertising claims are substantially similar to the standards applicable to claims under the New York deceptive trade practices statute." *Merck & Co. v. Mediplan Health Consulting*, 425 F. Supp. 2d 402, 410 (S.D.N.Y. 2006) (citing *Avon Prods., Inc. v. S.C. Johnson & Son, Inc.*, 984 F. Supp. 768, 800 (S.D.N.Y. 1997) ("The standards for bringing a claim under § 43(a) of the Lanham Act are substantially the same as those applied to claims brought under . . . §§ 349 and 350 of the New York General Business Law.")). Conopco's attempt to characterize Wells' state law false advertising claims as falling outside this ambit fail.

## II. WELLS HAS STATED A CLAIM FOR TRADEMARK INFRINGEMENT

Wells has also successfully pled a conditional or contingent counterclaim for trademark infringement. Conopco's assertion that Wells' trademark claim fails to sufficiently allege likelihood of confusion ignores the fact that Federal Rule of Civil Procedure 8(d)(2)[5] specifically authorizes hypothetical and alternative pleadings which are conditioned on the outcome of a plaintiff's claim. *See, e.g.*, *Barr v. Dramatists Guild, Inc.*, 573 F. Supp. 555, 560 (S.D.N.Y. 1983) (antitrust counterclaim made contingent on the success of the plaintiff's principal claim was "properly framed as a hypothetical pleading" under Rule 8); *Ribble v. Kimberly-Clark Corp.*, No. 09-C-643, 2012 U.S. Dist. LEXIS 21822, at *28–29 (E.D. Wis. Feb. 21, 2012) ("The counterclaims are apparently contingent claims that K-C would pursue in the event that . . . [plaintiffs] prevail on their claims against K-C.") Alternative and inconsistent claims are permitted under federal pleading rules. Fed. R. Civ. P. 8(d); *see also* Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1282 (2014). Indeed, there is broad consensus that "[c]ounterclaims made contingent on the outcome of the principal action are permissible." *El Paso Natural Gas Co. v. United States*, 750 F.3d 863, 886 (D.C. Cir. 2014); *see also AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, No. 05 Civ. 4248, 2007 U.S. Dist. LEXIS 63421, at *22, 49 (S.D.N.Y. Aug. 28, 2007), *rev'd on other grounds*, 626 F.3d 699 (2d Cir. 2010) (counterclaims contingent on plaintiff prevailing on its tort claims were rendered moot by summary judgment dismissing those claims.); *Macia v. Microsoft Corp.*, 335 F. Supp. 2d 507, 522 (D. Vt. 2004) (dismissal of plaintiff's Lanham Act claim for no likelihood of confusion warranted corresponding dismissal of Microsoft's contingent counterclaim as moot because it "was pleaded in the alternative and only arises if a likelihood of confusion is found.").

---

[5] Rule 8(d)(2) was formerly codified at Rule 8(e)(2). *2004 Stuart Moldaw Trust v. XE L.I.F.E., LLC*, 642 F. Supp. 2d 226, 240 (S.D.N.Y. 2009).

In *El Paso*, the government filed a counterclaim against El Paso as a contingency "should [El Paso] succeed on its [Resource Conservation and Recovery Act ("RCRA")] claims." *El Paso*, 750 F.3d at 884–85 (internal quotation marks omitted). Specifically, the government alleged that "[t]o the extent that either [El Paso] or the Navajo Nation establishes, as alleged in their complaints, that solid or hazardous waste [at one of the relevant sites] may present an imminent and substantial endangerment to health or the environment, then [El Paso] is liable under [RCRA] section 7002(a)(1)(B), 42 U.S.C. 6972(a)(1)(B)." *Id.* at 886. El Paso argued that the government's counterclaim was "legally deficient because it contain[ed] only conditional allegations that do not actually allege an endangerment", which is an element under the statute. *Id.* The Court of Appeals was "unconvinced" in light of the authority permitting contingent counterclaims. *Id.*

Wells' allegations regarding likelihood of confusion are consistent with alternative pleading under Rule 8 and survive dismissal under Rule 12(b)(6). Like the government in *El Paso*, Wells has employed conditional language to allege that "if there is a likelihood of confusion among relevant consumers as to the source of Wells' BOMB POP® product contained in the BOMB POP® product packaging, as alleged by Conopco in this action, such confusion would be the result of Conopco's infringement of Wells' trademarked BOMB POP® Design." (Dkt. 9 at ¶ 22.) In addition, Wells has laid a sufficient factual foundation for a finding of likelihood of confusion under *Polaroid Corp. v. Polarad Electronics Corp.*, 287 F.2d 492, 495 (2d Cir. 1961). Specifically, Wells' allegations go to the strength of its trademark rights in the BOMB POP® Design, (*see* Dkt. 9 at ¶¶ 9–17), the degree of similarity between the BOMB POP® Design and Conopco's knockoff Firecracker product (*id.* at ¶¶ 18–19), the proximity of the products (*id.*), and Conopco's bad faith in adopting the BOMB POP® Design (*id.* at ¶¶ 20, 23). These allegations, together with Wells' conditional allegation regarding likelihood of confusion,

are more than sufficient to state a contingent counterclaim for trademark infringement under Rule 8.

Even if Wells were required to allege that Conopco's use of the Bomb Pop® Design is likely to cause source confusion, this deficiency can be cured through a simple amendment. Notably, such an allegation would not serve as an admission of likelihood of confusion with respect to Conopco's Lanham Act claim. *Noasha LLC v. Nordic Group of Cos.*, 630 F. Supp. 2d 544, 551 (E.D. Pa. 2009) ("The allegations about likelihood of confusion contained in the counterclaims are reasonably inferred to be alternative pleadings, which are permissible under Rule 8(d)(2). I find that the allegations presented in defendants' counterclaims are not judicial admissions binding on defendants."); *Goodall-Sanford, Inc. v. Landers Corp.*, 187 F.2d 639 (C.C.P.A. 1951) ("With respect to the contention by counsel for appellant that appellee is now estopped from denying that there is confusing similarity between the marks because of its counterclaim seeking the cancellation of the mark of appellant, it is clear that under [Rule 8] it is proper to plead inconsistent defenses whether based on legal or equitable grounds or both."). Thus if the Court determines that Wells' conditional language is insufficient to state a claim for trademark infringement, Wells respectfully requests permission to amend its counterclaim to expressly allege likelihood of confusion, with the understanding that any such allegation cannot be construed as an admission of likelihood of source confusion with respect to Conopco's principal claim.[6]

## **CONCLUSION**

Conopco's motion to dismiss is baseless. Conopco cannot defeat Wells' well-pleaded allegations by attempting to impose pleading (let alone evidentiary) obligations that exceed those

---

[6] Similarly, if the court finds that Wells' counterclaim should have included additional allegations with respect to falsity or materiality, Wells respectfully requests that it be granted leave to amend its counterclaim.

13

applicable under Rule 8. Wells has alleged facts sufficient to plausibly demonstrate that Conopco's Original Claim violates the Lanham Act and New York General Business Law §§ 349, 350 and 350-a. And Wells' conditional counterclaim for trademark infringement is wholly consistent with alternative pleading under Rule 8. As such, Wells respectfully requests that the Court deny Conopco's motion to dismiss.

Dated: New York, New York
January 16, 2015

                  FAEGRE BAKER DANIELS LLP

                  By: /s/Natalie Hanlon-Leh
                  Natalie Hanlon-Leh *(pro hac vice)*
                  Marc C. Levy *(pro hac vice)*
                  3200 Wells Fargo Center
                  1700 Lincoln Street
                  Denver, CO 80203-4532
                  Tel.: (303) 607-3500
                  Fax: (303) 607-3600
                  natalie.hanlonleh@faegreBD.com
                  marc.levy@faegreBD.com

                  FAEGRE BAKER DANIELS LLP
                  Kathryn A. Feiereisel *(pro hac vice)*
                  311 South Wacker Drive, Suite 4400
                  Chicago, IL 60606
                  Tel.: (312) 212-6500
                  Fax: (312) 212-6501
                  katie.feiereisel@faegreBD.com

                  FRANKFURT KURNIT KLEIN & SELZ, P.C.
                  Edward H. Rosenthal
                  Beth I. Goldman
                  488 Madison Avenue, 10th Floor
                  New York, NY 10022
                  Tel.: (212) 980-0120
                  Fax: (212) 593-9175
                  erosenthal@fkks.com
                  bgoldman@fkks.com

                  *Counsel for Wells Enterprises, Inc.*

## CERTIFICATE OF SERVICE

     I hereby certify that on January 16, 2015, I electronically filed the foregoing **WELLS ENTERPRISES INC'S MEMORANDUM IN OPPOSITION TO CONOPCO, INC.'S MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following persons at the given email addresses:

                Gregory P. Gulia
                Vanessa C. Hew
                Mitchell A. Frank
                DUANE MORRIS LLP
                1540 Broadway
                New York, NY 10036-4086
                Tel.:    (212) 692-1000
                Fax:   (212) 692-1020

                                  *s/ Margaret M. Zylstra*