DUANE MORRIS LLP
Gregory P. Gulia
Vanessa C. Hew
1540 Broadway
New York, New York 10036-4086
Telephone: (212) 692-1000
Facsimile: (212) 692-1020

Attorneys for Plaintiff/Counterclaim Defendant
Conopco, Inc. d/b/a Unilever

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CONOPCO, INC. D/B/A UNILEVER,<br><br>    Plaintiff,<br><br> v.<br><br>WELLS ENTERPRISES, INC.,<br><br>    Defendant. | Case No.: 1:14-cv-02223-NRB-RLE<br><br>**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF-COUNTERCLAIM DEFENDANT'S MOTION TO DISMISS** |
| WELLS ENTERPRISES, INC.,<br><br>    Counterclaim Plaintiff,<br><br> v.<br><br>CONOPCO, INC. D/B/A UNILEVER,<br><br>    Counterclaim Defendant. | |

**TABLE OF CONTENTS**

Page

INTRODUCTION ..................................................................................................................1

ARGUMENT .......................................................................................................................2

I. LEGAL STANDARD FOR MOTION TO DISMISS ......................................................2

II. DISMISSAL OF WELLS' FALSE ADVERTISING CLAIM IS WARRANTED .............2

    A. Wells Has Not Sufficiently Alleged Either Literal or Implied Falsity ................... 3

    B. Wells Has Failed to Sufficiently Allege Materiality............................................... 6

    C. Wells Fails to Allege Facts Demonstrating an Injury ............................................. 7

III. WELLS' CLAIMS UNDER NEW YORK GENERAL BUSINESS LAW § § 349, 350 and 350-a SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM ....................................................................................................................8

IV. WELLS' CLAIMS FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM ....................................................................................................................9

CONCLUSION ..................................................................................................................10

# TABLE OF AUTHORITIES

**Federal Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (U.S. 2009)......................................................................2

*Barr v. Dramatists Guild, Inc.*, 573 F. Supp. 555 (S.D.N.Y. 1983) ..................................9

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).............................................................2

*Davis v. Clearway Mortg., LLC*, No. 08 cv 6492L, 2009 U.S. Dist. LEXIS 77622 (W.D.N.Y. Aug. 31, 2009).......................................................................................9

*Edmiston v. Jordan,* No. 98 cv 3928, 1999 U.S. Dist. LEXIS 18262 (S.D.N.Y. Nov. 24, 1999) ........................................................................................................................3

*Halebian v. Berv*, 644 F.3d 122 (2d Cir. 2011) .................................................................8

*Kwan v. Schlein*, 246 F.R.D. 447 (S.D.N.Y. 2007) ...........................................................9

*Medisim Ltd. v. BestMed LLC*, 910 F. Supp. 2d 591 (S.D.N.Y. 2012)..............................7

*Merck Eprova AG v. Brookstone Pharmaceuticals, LLC*, 920 F. Supp. 2d 404 (S.D.N.Y. 2013) ........................................................................................................................8

*Nba v. Motorola*, 105 F.3d 841 (2d Cir. N.Y. 1997) .........................................................7

*Pamlab LLC v. Seton Pharms., LLC*, No. 10 cv 7680, 2010 U.S. Dist. LEXIS 128819 (S.D.N.Y. Dec. 6, 2010)...........................................................................................3

*Pecorino v. Vutec Corp.*, 934 F. Supp. 2d 422 (E.D.N.Y. 2012).......................................9

*Plumbers & Steamfitters Local 773 Pension Fund v. Canadian Imperial Bank of Commerce*, 694 F.Supp.2d 287 (S.D.N.Y. 2010) ...................................................2

*Securitron Magnalock Corp. v. Schnabolk*, 65 F.3d 256 (2d Cir. 1995).........................8

*Starr v. Sony BMG Music Entm't*, 592 F.3d 314 (2d Cir. 2010).......................................2

*Time Warner Cable, Inc. v. DIRECTV, Inc.*, 497 F.3d 144 (2d Cir. 2007) ......................4

*Turbon Int'l, Inc. v. Hewlett-Packard Co.*, 769 F. Supp. 2d 262 (S.D.N.Y. 2011) ..........2

**State Statutes**

New York General Business Law § 349............................................................... 1, 8-9

New York General Business Law § 350..................................................................1, 8

New York General Business Law § 350-a......................................................................................1, 8

**Rules**

Fed. R. Civ. P. 8(d)(2)..................................................................................................................9

Fed. R. Civ. P. 12(b)(6)................................................................................................................8

This reply memorandum of law is respectfully submitted, on behalf of Plaintiff/Counterclaim defendant, Conopco, Inc. d/b/a Unilever ("Unilever"), in support of Plaintiff/Counterclaim Defendant's Motion to Dismiss the counterclaims of Defendant/Counterclaim Plaintiff Wells Enterprises, Inc. ("Wells") set forth in Wells' Answer to Unilever's Complaint, Affirmative Defenses and Counterclaims (the "Counterclaims").

## **INTRODUCTION**

Wells' Counterclaims should be dismissed because Wells has failed to state an even facially plausible claim upon which relief may be granted. Dismissal of Wells' false advertising counterclaims is warranted because Wells has failed to sufficiently allege the requisite elements of literal or implied falsity. Wells has not—and indeed cannot—plausibly allege that the FIRECRACKER® products contain any literally false statements. Nor is Wells' claim of implied falsity plausible as Wells' theory essentially requires this Court to deny basic logic, common sense and/or experience by deliberately ignoring certain elements, while overemphasizing others, and all the while ignoring certain common conventions while leaping to certain implausible assumptions. Dismissal of Wells' false advertising claim is further warranted because Wells has failed to sufficiently allege both materiality and injury—instead relying on bald legal conclusions and verbatim recitals of these elements. Moreover, dismissal of Wells' counterclaims under New York General Business Law §§ 349, 350 and 350-a is similarly warranted because Wells has failed to demonstrate the requisite "consumer injury or harm to public interest" necessary to allege this claim. Finally, Wells' claims for conditional trademark infringement and unfair competition should also be dismissed because there claims are legally deficient and fail to allege certain critical and material elements of these claims. For the reasons explained below, this Court should dismiss Wells' counterclaims.

**ARGUMENT**

I. **LEGAL STANDARD FOR MOTION TO DISMISS**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Determining whether a complaint states a plausible claim for relief will be a context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Plumbers & Steamfitters Local 773 Pension Fund v. Canadian Imperial Bank of Commerce*, 694 F.Supp.2d 287, 296 (S.D.N.Y. 2010). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (U.S. 2009). "[E]ntitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Starr v. Sony BMG Music Entm't*, 592 F.3d 314, 321 (2d Cir. 2010). Thus, "allegations that are no more than legal conclusions 'are not entitled to the assumption of truth.'" *Turbon Int'l, Inc. v. Hewlett-Packard Co.*, 769 F. Supp. 2d 262, 266 (S.D.N.Y. 2011), citing *Ashcroft*, 556 U.S. at 679.

II. **DISMISSAL OF WELLS' FALSE ADVERTISING CLAIM IS WARRANTED**

Dismissal of Wells' counterclaim for false advertising is warranted because Wells has failed to plead even a facially plausible claim for false advertising. First, Wells fails to allege any facts to demonstrate an explicitly or implicitly false statement.[1] Second, other than parroting

---

[1] In its Opposition papers, Wells conflates literal and implicit falsity, not even bothering to differentiate between these arguments in its papers. While these two theories may perhaps be argued separately, in the alternative, it is difficult to understand how Wells can credibly argue both theories at the same time and in the same paragraph, as one requires the advertising to be false on its face and the other requires that the advertising, while not literally false, be misleading. *See e.g. Erchonia Corp. v. Bissoon*, 410 Fed. Appx. 416, 419 (2d Cir. 2011) ("A claim of false advertising may be based on at least one of two theories: "that the challenged

legal conclusions that merely reiterate the elements of a false advertising claim, Wells has offered no factual allegation sufficient to satisfy the materiality requirement of a false advertising claim. Because these are requisite elements of a false advertising claim, Wells' failure to properly allege/plead these elements mandates automatic dismissal of Wells' false advertising counterclaim.

### A. Wells Has Not Sufficiently Alleged Either Literal or Implied Falsity

Dismissal of Well's false advertising claim is warranted because Wells has failed to allege even a facially plausible claim of literal or implied falsity.[2] "A claim of false advertising may be based on at least one of two theories: 'that the challenged advertisement is literally false, i.e., false on its face,' or 'that the advertisement, while not literally false, is nevertheless likely to mislead or confuse consumers.'" *Erchonia Corp.*, 410 Fed. Appx. at 419 (citation omitted). "When a plaintiff relies on a theory of literal falsity, a court may determine, based on its own common sense and logic in interpreting the message, whether or not an advertisement or representation made in a commercial context is literally true or false." *Edmiston v. Jordan,* No. 98 cv 3928, 1999 U.S. Dist. LEXIS 18262, at *27 (S.D.N.Y. Nov. 24, 1999); *Pamlab LLC v. Seton Pharms., LLC*, No. 10 cv 7680, 2010 U.S. Dist. LEXIS 128819, at *14 (S.D.N.Y. Dec. 6, 2010) ("The Court may rely on its own common sense and logic in interpretting the message of

---

advertisement is literally false, i.e., false on its face," or "that the advertisement, while not literally false, is nevertheless likely to mislead or confuse consumers") (citation omitted).

[2] See *Turbon Int'l, Inc.*, 769 F. Supp. 2d at 268-69 (granting motion to dismiss under Rule 12(b)(6) because plaintiff could not demonstrate literal or implied falsity where the advertisement and website referred to the "bargain toner" and "remanufactured cartridge" industry, but made no specific claims about Turbon's products, nor differentiated among after-market manufacturers); *Tobin Wolf & Schaper Mfg. Co. v. Louis Marx & Co.*, No. 78-cv-2018, 1978 U.S. Dist. LEXIS 15158, at *11 (S.D.N.Y. 1978) (granting motion to dismiss false advertising claim under Rule 12(b)(6) because defendant's statement that its Baja Bikes were "new and novel" was not false because it was the first time that the defendant had manufactured this toy).

the advertisement") (citation omitted). "Only an unambiguous message can be literally false." *See Time Warner Cable, Inc. v. DIRECTV, Inc.*, 497 F.3d 144, 158 (2d Cir. 2007). Thus, if the language or graphic is susceptible to more than one reasonable interpretation, the advertisement cannot be literally false. *See id.* (citations omitted).

Here, Wells has not alleged a plausible claim of literal falsity. Although Wells alleges that "Unilever has expressly and/or impliedly misrepresented the nature, characteristics, and qualities of its goods, namely that the FIRECRACKER® product is the first red-white-and-blue rocket shaped frozen ice treat" (*see* Counterclaims p. 33), the actual picture of Unilever's FIRECRACKER® product packaging incorporated by Wells in its Counterclaims (*see* Counterclaim p. 32) belies this claim. As demonstrated by the picture incorporated in Wells' Counterclaims, the FIRECRACKER® products do not feature any express statements claiming that the FIRECRACKER® product is the first red-white-and-blue rocket shaped frozen ice treat. In fact, the FIRECRACKER® products make absolutely no statement about red, white and blue ice pops at all—much less that the FIRECRACKER® product is the first, red, white and blue ice pop. Indeed, even assuming *arguendo* that Wells' argument was even remotely credible, which it is not, the fact that Unilever and Wells are claiming two different possible interpretations of the FIRECRACKER® product packaging, by definition, means that the FIRECRACKER® product packaging cannot be literally false.

Nor does Wells allege a facially plausible claim that the FIRECRACKER® product packaging is confusing or misleading. In its Opposition, Wells argues that Unilever deliberately misinterprets Wells' counterclaim as alleging that the phrase "The Original FIRECRACKER" (as opposed to "The Original") is false or misleading and that Unilever's argument ignores the message conveyed by the graphical portion of the product packaging. Neither of these

arguments salvages Wells' false advertising claim. Significantly, Unilever has never disputed that in determining falsity, the Court must analyze the words or images in context. *See* Motion to Dismiss p. 5. However, Wells' false advertising claim actually flies in the face of this approach. To find Wells' false advertising claim even facially plausible, the Court would need to selectively unsee or ignore: (1) the word FIRECRACKER® emblazoned across the front of the FIRECRACKER® product (in font much larger than the font used to depict the words "the" or "original") and (2) that the term "the Original" appears directly above the word "FIRECRACKER®" and is depicted in the same font style and right-upward slanting orientation as the word "FIRECRACKER®." Because of the proximity of, and similar font used to depict, the words "the, "ORIGINAL" and 'FIRECRACKER," it's difficult to conceive that a consumer would not read and understand these terms together.[3]

Moreover, to find Wells' claim facially plausible, the Court would also have to accept that most consumers would not interpret the illustration on the FIRECRACKER® product packaging as a pictoral depiction of the FIRECRACKER® product inside the package—as is common in the food and consumer products industry—but instead interpret it as a symbolic representation of all red, white and blue rocket shaped frozen ice pop products which when coupled with "THE ORIGINAL" is meant to communicate a statement regarding the historical origins of all frozen red, white and blue rocket-shaped ice pops in general. Indeed, when taken together, Wells' selective interpretation of the FIRECRACKER® product packaging coupled with Wells' farfetched inferences and assumptions cannot create a facially plausible claim, but

---

[3] Indeed, taking Wells' argument to its own logical conclusion, given that the words "the" and "original" appear on different lines in different cases and font sizes, it's hard to understand why consumers would read "THE ORIGINAL" as one unitary phrase and/or not see "the" and "original" as individual words with no collective meaning.

rather one that flies in the face of basic logic, common sense and experience. Accordingly, dismissal of Wells' false advertising claim is warranted.

### B. Wells Has Failed to Sufficiently Allege Materiality

Dismissal of Wells' counterclaim for false advertising is further warranted because Wells has failed to sufficiently plead materiality. As set forth in Unilever's Motion to Dismiss, Wells' false advertising counterclaim also fails to sufficiently allege materiality because Wells' counterclaim constitutes nothing more than a bald legal conclusion which reiterates the materiality requirement. *See* Counterclaims ¶ 32 ("[t]he Original Claim is material to consumers' purchasing decisions").

Unfortunately, Wells' Opposition offers little to remedy or justify this defect.[4] Although Wells argues that it has sufficiently pled materiality by alleging that the term "the Original" concerns an inherent quality or characteristic of the BOMB POP product, this argument is unsuccessful for several reasons. First, in determining whether the defendant "misrepresented an 'inherent quality or characteristic'" of the product, the Second Circuit has instructed that :

> [t]his requirement is essentially one of materiality, a term explicitly used in other circuits. *See American Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1428 n.9 (3d Cir. 1994) (plaintiff alleging false advertising must prove "that the deception is material in that it is likely to influence purchasing decisions") (citations and internal quotation marks omitted), cert. denied, 115 S. Ct. 1838 (1995); *ALPO Petfoods, Inc. v. Ralston Purina Co.*, 913 F.2d 958, 964 (D.C. Cir. 1990) (false or misleading ads must be "material in their effects on buying decisions"); *Taquino v. Teledyne Monarch Rubber*, 893 F.2d 1488, 1500 (5th Cir. 1990) (deception must be "material, in that it is likely to influence the purchasing decision"); *see also* 3 McCarthy on Trademarks § 27:35 (there must be "some showing that the defendant's misrepresentation was 'material' in the sense that it would have some effect on consumers' purchasing decisions.").

---

[4] Wells begins its materiality argument by proclaiming that "Wells' allegation of materiality also 'relates sufficiently to an inherent and material characteristic of the product to be actionable.'" *See* Opposition p. 7. Unfortunately, other than its own underlying sophistry and circular logic, this statement offers little substantive analysis as to how the materiality requirement has actually been satisfied.

*Nba v. Motorola*, 105 F.3d 841, 855 (2d Cir. 1997). Accordingly, Wells should have pled factual allegations sufficient to establish that Unilever's purported misrepresentation was material to consumer purchasing decisions. Moreover, Wells' argument that it pled facts sufficient to establish that the term "The Original" was an inherent quality or characteristic of the BOMB POP product is of no moment. Because Wells has alleged that Unilever made a false statement that the FIRECRACKER® product was the first red, blue and white rocket shaped frozen ice pop, Wells must allege that this purported misrepresentation is material to (*i.e.,* affects consumers' purchasing decisions regarding) Unilever's FIRECRACKER® products. Because Unilever's FIRECRACKER® product packaging makes no statements concerning Wells' products, whether expressly or by implication, the fact that Wells has alleged that "The Original" constitutes an inherent quality of its products is of no relevance. Finally, we note that even if this theory were credible, Wells has not sufficiently plead this argument in its Counterclaim because Wells' allegations consist of nothing more than bald legal conclusions and Wells has failed to provide even the scantest factual allegations to support its Counterclaim. Accordingly, Wells has not plead specific facts to satisfy the materiality requirement.

    C.    **Wells Fails to Allege Facts Demonstrating an Injury**

Dismissal of Wells' claim for false advertising is further warranted because Wells has not plead the requisite injury necessary to demonstrate a false advertising claim. Where the purportedly misleading, non-comparative commercial "tout[s] the benefits of the product advertised but ma[kes] no direct reference to any competitor's product . . . some indication of actual injury and causation" is necessary "to satisfy Lanham Act standing requirements and to ensure [the] plaintiff's injury [is] not speculative." *Medisim Ltd. v. BestMed LLC*, 910 F. Supp. 2d 591, 607 (S.D.N.Y. 2012) quoting *Time Warner Cable, Inc.*, 497 F.3d at 162.

7

Tellingly, Wells does not cite to any statements in the Counterclaims where it has explicitly alleged injury as a result of the purported misrepresentations. Rather than citing to its own Counterclaims, Wells inexplicably cites to Unilever's Motion to Dismiss purportedly in support of its allegations of injury. Not only does Wells' failure to cite to its own Counterclaim demonstrate that it has not properly pled this element, but Wells' argument is procedurally improper. In adjudicating a motion to dismiss under Rule 12(b)(6), consideration of materials outside of the scope of the pleadings has been widely rejected and permitted only under certain limited circumstances—none of which apply here. *Halebian v. Berv*, 644 F.3d 122, 131 (2d Cir. 2011) (internal quotation marks omitted). Accordingly, Wells has failed to sufficiently plead a cause of action of false advertising under the Lanham Act.

### III. WELLS' CLAIMS UNDER NEW YORK GENERAL BUSINESS LAW § § 349, 350 and 350-a SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

Dismissal of Wells' counterclaims under New York General Business Law §§ 349, 350 and 350-a is similarly warranted because Wells has failed to demonstrate the requisite "consumer injury or harm to public interest." Although Wells argues that consumer injury or harm to public interest is not required, the Second Circuit is clear that "the gravamen of a [§ 349] complaint must be consumer injury or harm to the public interest." *Securitron Magnalock Corp. v. Schnabolk*, 65 F.3d 256, 264 (2d Cir. 1995) citing *AZBY Brokerage, Inc. v. Allstate Ins. Co.*, 681 F. Supp. 1084, 1089 n.6 (S.D.N.Y. 1988). "The critical question, then, is whether the matter affects the public interest in New York, not whether the suit is brought by a consumer or a competitor." *Id.* The standard for demonstrating a claim of false advertising is the same under Section 350, except that the plaintiff must also demonstrate actual reliance on the false or misleading statement. *Merck Eprova AG v. Brookstone Pharmaceuticals, LLC*, 920 F. Supp. 2d 404, 425 (S.D.N.Y. 2013) ("[a] claim of false advertising under Section 350 must meet all of the

8

same elements as a claim under Section 349, and the plaintiff must further demonstrate proof of actual reliance"). Although Wells argues that the standard for these claims is similar to the standard used to determine false advertising under the Lanham Act, the Second Circuit case law is controlling on this issue. Accordingly, Wells has failed to meet its burden to demonstrate consumer injury or harm to the public interest and Unilever's Motion to Dismiss these counterclaims should be granted.

**IV.     WELLS' CLAIMS FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM**

In support of its conditional claims for trademark infringement, Wells argues that "Federal Rule of Civil Procedure 8(d)(2) specifically authorizes hypothetical and alternative pleadings which are conditioned on the outcome of a plaintiff's claim." *See* Opposition at 11. While Rule 8(d)(2) does permit alternative and hypothetical pleading, this does not exempt such claims from the pleading requirement to state a viable cause of action.

Specifically, courts in this Circuit have held that "[t]he notion that a pleading will not be dismissed if at least one of the alternative theories of relief is adequately pled, does not preclude the alternative claims from being dismissed if they do not state a cause of action." *See Pecorino v. Vutec Corp.*, 934 F. Supp. 2d 422, 450 (E.D.N.Y. 2012); *see also Kwan v. Schlein*, 246 F.R.D. 447, 452 (S.D.N.Y. 2007) (quoting *Twombly*, 127 S. Ct. at 1965) (dismissing plaintiff's second alternative claim of copyright infringement because plaintiff failed to allege any facts supporting the alternative claim); *see also Barr v. Dramatists Guild, Inc.*, 573 F. Supp. 555, 559 (S.D.N.Y. 1983) (verifying that all the elements of the contingent counterclaim have properly been alleged); *Davis v. Clearway Mortg., LLC*, No. 08 cv 6492L, 2009 U.S. Dist. LEXIS 77622, at *5 (W.D.N.Y. Aug. 31, 2009) ("Clearway's counterclaim must nonetheless allege the existence of

9

damages -- whether or not such damages are contingent upon the success of plaintiff's claims -- in order to fulfill the threshold requirements of notice pleading").

Thus, even if Wells could allege a federal trademark infringement claim hypothetically or in the alternative, Wells was nevertheless required to adequately plead that claim independently. Because Wells has failed to allege facts plausibly suggesting likelihood of confusion, it failed to state a cause of action for federal trademark infringement and dismissal of Wells' federal trademark infringement claim is warranted. Similarly, Wells' common law unfair competition claim should also be dismissed because it is premised on the same underlying causes of action, facts and legal theories as set forth in its Lanham Act claims.

## CONCLUSION

For the foregoing reasons, Unilever's Motion to Dismiss should be granted. Moreover, Unilever respectfully requests that the Court deny any request by Wells for leave to amend its Counterclaims as Wells' counterclaims are legally deficient and futile as a matter of law.

Dated this 2nd day of February, 2015.

Respectfully submitted,

**DUANE MORRIS LLP**

By: /s/ Vanessa C. Hew
Gregory P. Gulia
Vanessa C. Hew
Mitchell A. Frank
1540 Broadway
New York, New York 10036-4086
Telephone: 212-692-1000
Fax: 212-692-1020

Attorneys for Plaintiff
Conopco, Inc. d/b/a Unilever

# CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of Plaintiff/Counterclaim Defendant's Reply Memorandum of Law in Support of Plaintiff/Counterclaim Defendant's Motion To Dismiss has been served this 2nd day of February, 2015 upon the following counsel of record by ECF and e-mail:

>Beth Ilana Goldman, Esq.
>Edward Henry Rosenthal, Esq.
>Frankfurt Kurnit Klein & Selz PC
>488 Madison Avenue
>New York, NY 10022
>Telephone: (212) 705-4817
>Fax: (212) 593-9175
>Emails: bgoldman@fkks.com
>         erosenthal@fkks.com
>
>Kathryn Feiereisel, Esq.
>Faegre Baker Daniels LLP
>311 S Wacker Drive, Suite 4400
>Chicago, IL 60606
>Telephone: (312) 212-6500
>Fax: (312) 212-6501
>E-mail: katie.feiereisel@faegrebd.com
>
>Natalie Hanlon-Leh, Esq.
>Marc C. Levy, Esq.
>Faegre Baker Daniels LLP
>3200 Wells Fargo Center, 1700 Lincoln Street
>Denver, CO 80203
>Telephone: (303) 607-3500
>Fax: (303) 607-3500
>E-mails: natalie.hanlonleh@faegrebd.com
>          marc.levy@faegrebd.com

*/s/ Sarah Peyronnel*
Sarah Peyronnel

DM2\5411479.1